# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aita Darjee, et al., | No. CV-16-00489-TUC-RM (DTF) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| Thomas Betlach, | |
| Defendant. | |

Before the Court are, *inter alia*, (1) Plaintiff's Motion for Class Certification (Doc. 5); (2) Plaintiffs' Motion for Preliminary Injunction (Doc. 15); and (3) Defendant's Motion to Dismiss (Doc. 35). The Court heard oral argument on the motions on October 4, 2016. It is recommended that the District Court, after an independent review of the record, **grant** Defendant's Motion to Dismiss and **deny as moot** Plaintiffs' motions seeking class certification and a preliminary injunction. Also before the Court are motions to strike filed by both Plaintiffs and Defendant (Docs. 59, 62 and 65), all of which relate to portions of arguments made in, or evidence submitted in support of, the motions for class certification and preliminary injunction. Because the Court recommends that the motions seeking class certification and a preliminary injunction be denied as moot, the Court recommends the motions to strike be denied as moot as well.

…

…

…

**Background**

This case concerns a reduction in the scope of Arizona Health Care Cost Containment System ("AHCCCS") benefits that are provided to eligible immigrant residents of Arizona. Sometime in mid-to-late 2015 a computer error at AHCCCS occurred that caused some immigrant-recipients' full-scope AHCCCS benefits to be incorrectly reduced to emergency-only scope AHCCCS benefits. Doc. 1. After learning of the computer problem, in or around October 2015 AHCCCS restored some 3,500 immigrant-recipients' benefits to full-scope AHCCCS. Doc. 35 at p. 3, ll. 4. At oral argument Defendant's counsel reported that the number has risen to 4,200. *See* Doc. 69 at p. 12, ll. 7-10.

Despite the large scale reinstatement efforts, on July 22, 2016, Plaintiffs filed suit against Thomas Betlach in his official capacity as the Director of AHCCCS contending that errors in the reduction in benefits were a result of his unlawful policies and practices. (Doc. 1) In Count I of the Complaint Plaintiffs challenge Defendant's reduction of the health coverage of immigrants from full-scope AHCCCS to emergency-only AHCCCS when they were recertified pursuant to an annual recertification requirement. In Count II, Plaintiffs contend that the notice AHCCCS sends to inform the immigrants of the change in AHCCCS eligibility violates the immigrant-recipients' right to due process.[1]

As set forth herein, because the Plaintiffs lack standing it is recommended that the Complaint be dismissed with prejudice. Alternatively, it is recommended that the Complaint be dismissed for failure to state a claim.

---

[1] Contemporaneously with the Complaint Plaintiffs moved for class certification pursuant to Rule 23(b), Fed. R. Civ. P., asking the Court to certify as a class immigrant residents of Arizona eligible for full-scope AHCCCS benefits who will recertify their eligibility on or after January 2015 and who will be or have been improperly reduced to emergency only AHCCCS. *See* Doc. 6, p. 1-2, ll. 28-4. Plaintiffs also asked the Court to enter a preliminary injunction that would prohibit Defendant from, *inter alia*, transferring refugees and other qualified immigrants who have been found eligible for full-scope AHCCCS benefits to emergency-only AHCCCS when they renew their eligibility. *See* Doc. 20 at p. 2, ll. 14-18. Plaintiffs also seek entry of an order that commands Defendant to "prospectively reinstate all immigrants who were sent or received the improper eligibility notice until a lawful proper notice is sent to each person." *Id*. at ll. 19-21. It is recommended that these two motions be denied as moot.

**Medicaid and AHCCCS**

In 1965 Congress created the Medicaid program by adding Title XIX to the Social Security Act, 42 U.S.C. §§ 1396-1396w-5. The purpose of Medicaid is stated as to enable States "to furnish … medical assistance on behalf of families with dependent children and of aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services." *See* 42 U.S.C. § 1396-1. To participate in Medicaid, a state must operate its program through a state plan which has been submitted to and approved by the Secretary of the U.S. Department of Health and Human Services. *See* 42 U.S.C. §§ 1396-1 and 1396a(b). The state must provide methods of administration necessary for the proper and effective operation of the state plan. 42 U.S.C. § 1396a(a)(4).

Arizona participates in Medicaid through the program known as AHCCCS. A.R.S. §§ 36-2901 through 36-2972. Section 1396a(a)(8), 42 U.S.C., requires AHCCCS to furnish medical assistance "with reasonable promptness to all eligible individuals." 42 U.S.C. § 1396a(a)(8). Regulations implementing AHCCCS require that AHCCCS "continue to furnish Medicaid regularly to all eligible individuals until they are found to be ineligible." 42 C.F.R. § 436.930(b). Once a person is found eligible to receive AHCCCS the eligibility determination must be renewed every 12 months. *See* 42 C.F.R. § 435.916(a).

**Plaintiffs Aita Darjee and Alma Sanchez Haro**

Plaintiff Aita Darjee ("Darjee") is a 30-year old woman living in Tucson with her husband and young children. The Darjees are refuges from Nepal. The Complaint alleges that the Darjee's AHCCCS full-scope benefits were reduced to emergency-only AHCCCS benefits twice in one year. Doc. 1 at ¶¶ 58, 59. Darjee's husband suffers from multiple medical conditions such as uncontrolled diabetes, asthma, high blood pressure and high cholesterol. His medical conditions require regular medication. The reduction in the Darjee's AHCCCS benefits from full-scope to emergency-only caused them a great

deal of stress. The Complaint alleges that at the time of filing the restoration of the Darjee's benefits was "imminent if not complete." *Id*. at ¶ 59.[2]

Plaintiff Alma Sanchez Haro ("Sanchez Haro") is a 48-year old woman living in Tucson. Sanchez Haro entered the U.S. prior to 1996 and was a victim of domestic violence while in this country. Sanchez Haro has several medical conditions for which she takes medications, such as include severe depression, anxiety, diabetes and high blood pressure. When her AHCCCS benefits were reduced she could not pay to see her doctors or pay for her medications. She reports going without her medications for three weeks and that it was "horrible." *Id*. at ¶¶ 78-82. Sanchez Haro's full-scope AHCCCS benefits were reinstated on or before August 22, 2016. *See* Doc. 35 at p. 12, n. 4. Sanchez Haro received the notice informing her of the reduction in her AHCCCS benefits but she reports that she did not understand the notice. *Id*. at ¶ 75. She reports contacting someone at AHCCCS and being advised that her benefits were reduced because she had not been a legal permanent resident for five (5) years. *Id*. at ¶ 76. Plaintiffs contend that this information was incorrect as this legal permanent resident requirement does not apply to Sanchez Haro because she entered the United States before 1996.

**Defendant's Motion to Dismiss**

Defendant moved to dismiss the Complaint on several grounds. First, Defendant argues that Plaintiffs have not stated a claim under the "reasonable promptness" provision of 42 U.S.C. § 1396a(a)(8). *See* Doc. 35 at p. 4. Defendant argues that the plain language of 42 U.S.C. § 1396a(a)(8) does not provide Plaintiffs with a cause of action because Plaintiffs complain about errors made upon recertification rather than delay in initially applying for AHCCCS. *Id*. Defendant also argues that the Complaint lacks plausibility because the 2015 computer error has been fixed and the remaining allegations are lacking sufficient factual content, are conclusory, and fail to state a claim that it is Defendant's policy or practice to improperly cause Plaintiffs' AHCCCS benefits to be reduced. For instance, Defendant points out that while the Complaint alleges that "AHCCCS policy

---

[2] There is no dispute that Darjee's benefits have been restored to full scope.

- 4 -

and practice fails to process re-certifications for immigrants pursuant to the [federal] *ex parte* process [42 C.F.R. § 435.916(a) and (b)], there are no factual allegations that support the conclusory statement as neither named Plaintiff states that she was, *inter alia*, subject to the *ex parte* process." *Id.* at pp. 6-7, ll. 12-4.

Second, Defendant argues that Plaintiffs have failed to state a due process claim. Defendant argues that the Complaint "merely makes the conclusory allegation that 'Defendant Beltach's written eligibility notice, as described herein, violates' due process and 42 U.S.C. § 1396a(a)(3)." *Id.* at p. 9, ll. 16-19. Defendant explains that there are no facts which would support a due process violation as to Plaintiff Darjee because she did not receive a notice. *Id.* at ll. 24-25. With respect to Plaintiff Sanchez Haro, Defendant contends that the Complaint does not allege that the notice failed to comply with federal regulations and the most that the Complaint alleges is that Plaintiff Sanchez Haro "didn't understand the notice" and all this means is that "she believed she was entitled to full benefits and she couldn't understand the notice because it was a mistake." *Id.* at p. 10, ll. 10-12.

Third, Defendant argues that the Court lacks jurisdiction because Plaintiffs' lack standing and their claims have become moot. *Id.* at p. 11. With respect to Plaintiff Darjee, Defendant points to ¶ 59 of the Complaint that states the restoration of her benefits was "imminent if not complete" at the time the Complaint was filed. *Id.* at p. 11, ll. 17. With respect to Plaintiff Sanchez Haro, Defendant argues that since her benefits have been restored her claim has become moot. With respect to the due process count, Defendant argues the Complaint fails to allege that Plaintiff Darjee received a notice and fails to allege a corresponding harm. With respect to Plaintiff Sanchez Haro, Defendant argues that the Complaint merely alleges that she received a notice but did not understand the notice. This, Defendant contends, is insufficient to establish standing.

Plaintiffs oppose Defendant's motion on all grounds raised therein. *See* Doc. 38. First, Plaintiffs contend that for the Director to comply with the reasonable promptness statute the Director must make correct eligibility determinations (in addition to making

them timely). *See* Doc. 38 at p. 4, ll. 2-6. Plaintiffs object to the Court's consideration that the 2015 computer problem was fixed because they haven't specifically pled that fact. Plaintiffs also argue that their Complaint does contain sufficient factual allegations to support their claim that Defendant is failing to make recertification decisions properly. For example, Plaintiffs argue that they have properly stated that the Director is failing to check the case files and databases for accurate immigration status information in violation of 42 C.F.R. § 435.916. *Id*. at p. 7, ll. 3-5. Plaintiffs also argue that they have stated a claim that the notice AHCCCS provided Plaintiffs violates due process. With respect to standing and mootness, Plaintiffs argue that both Plaintiffs have standing because both suffered improper reduction in benefits and both continue to receive AHCCCS. Plaintiffs assert that neither claim is moot because the exception to the mootness doctrine - capable of repetition yet evading review - applies. *Id*. at p. 16, ll. 3-4.

The Court concludes that there is no case or controversy because Plaintiffs lack standing or their claims are moot. The Complaint also fails to state a claim under both counts. Dismissal of the Complaint is recommended.

**There is No Case or Controversy**

Article III of the Constitution limits the jurisdiction of the federal courts to "cases" or "controversies" *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). When a defendant challenges subject matter jurisdiction, the plaintiff must bear the burden of establishing jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

<u>Standing</u>

Plaintiffs must demonstrate standing separately for each form of relief sought. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc*., 528 U.S. 167, 185, 120 S.Ct. 693, 706, 145 L.Ed.2d 610 (2000). There are three requirements a plaintiff must establish in order to show that she had standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (setting forth the three requirements a plaintiff must establish to demonstrate standing). Relevant here, Plaintiffs must

establish that it must be likely (as opposed to merely speculative) that their injury will be redressed by a favorable decision. *Id.*

*Darjee*: With respect to Count I, Darjee did not have standing at the time the Complaint was filed. *See* Doc. 1 at ¶ 59 ("… The restoration of his benefits and those for his wife and son are imminent if not complete.") With respect to Count II, Darjee learned of the reduction in benefits when her husband when to the doctor's office for a visit. *Id.* The Complaint does not allege that Darjee received a notice prior to this office visit and the only substantive mention of notice concerning Darjee in the Complaint states, "The notices they received from AHCCCS and DES do not have any information in Nepali." *Id.* 1 at ¶ 71. This allegation is insufficient to establish Darjee's standing with respect to Count II. Moreover, while Darjee alleges that she (along with her husband) were harmed by the alleged improper reduction of AHCCCS benefits, Darjee has not alleged any injury from the AHCCCS notice and has specifically pled that she did not receive one.

*Sanchez Haro*: With respect to Count I, Sanchez Haro had standing to assert a claim for improper AHCCCS benefit reduction at the time the Complaint was filed. Since that time, however, her full-scope AHCCCS benefits have been reinstated. Accordingly, her claim has become moot. With respect to Count II, Sanchez Haro alleges that she received an AHCCCS notice regarding the reduction in benefits and she alleges that she did not understand it (even though she took action on the notice). Doc. 1 at ¶¶ 75, 76. As with her claim under Count I, the Court determines that she had standing to assert a due process claim at the time the Complaint was filed but because her benefits have been restored to full scope her claim notice has become moot.

Mootness

The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings. *See Pitts v. Terrible Herst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) (citing *Burke v. Barnes*, 479 U.S. 361, 363, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987)). Generally, if events subsequent to the filing of the case resolve the parties' dispute, the

1 court must dismiss the case as moot because courts do not have the constitutional authority to decide moot cases. *Id*. at 1087, (citing *Foster v. Carson*, 347 F.3d 742, 747 (9th Cir. 2003)). In a lawsuit brought to force compliance, it is the plaintiff's burden to establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the "threatened injury [is] certainly impending." *Friends of the Earth, Inc*., 528 U.S. at 190 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)).

*Darjee*: Darjee's claim did not exist at the time of the filing of the Complaint and any exceptions to the mootness doctrine are inapplicable to her claim. *See Friends of the Earth, Inc*., 528 U.S. at 191 ("[I]f a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitled the complainant to a federal judicial forum.") (Additional citations omitted.)

*Sanchez Haro*: Defendant argues that Sanchez Haro's claims are moot since benefits have been restored to full-scope. *See* Doc. 35 at p. 12, n. 1. Plaintiffs argue that Sanchez Haro's claims are not moot since she continues to receive AHCCCS benefits. *See* Doc. 38 at p. 15, ll. 12-14. Alternatively, Plaintiffs argue that if the Court determines that her claims are moot they argue that the capable of repetition yet evading review exception to the mootness doctrine applies. *Id*. at p. 16, ll. 3-4.

Plaintiffs have not cited any authority for their position that because Sanchez Haro continues to receive AHCCCS benefits her claims are not moot. With respect to Plaintiffs' argument that the capable of repetition yet evading review exception to mootness applies, the Court concludes otherwise. The capable of repetition exception to the mootness doctrine applies only in exceptional situations where two circumstances are simultaneously present: (1) the challenged action is too short in duration to be fully litigated prior to cessation or expiration and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

Assuming that the challenged action in this case is so short in duration that it will

1 not be fully litigated prior to cessation or expiration, with respect to the second
2 requirement the Court concludes that Plaintiffs have not established that there is a
3 reasonable expectation that they will be subject to the same action again. In *Wilson v.
4 Gordon*, 822 F.3d 934 (6th Cir. 2016), the United States Court of Appeals for the Sixth
5 Circuit determined that since Medicaid recipients' eligibility must be reassessed every
6 twelve months, 42 C.F.R. § 435.916(a)(1), and federal regulations implementing
7 Medicaid required the state continue to provide Medicaid to applicants while their
8 applications for renewal are considered, the plaintiffs did not have a reasonable
9 expectation that they will be subject to delays that may result in the loss of Medicaid
10 coverage while the redetermination process is ongoing. 822 F.3d at 951-52. As such, the
11 court held that it was error for the district court to have relied upon the capable of
12 repetition yet evading review exception to the mootness doctrine. *Id*.

13 Similarly, here, Plaintiffs' eligibility to receive AHCCCS must be renewed by
14 AHCCCS every 12 months. The Director is bound by the requirement that benefits must
15 continue while the redetermination process is ongoing. As more fully discussed below,
16 because the Court concludes that Plaintiffs' have not pled that Defendant has a policy or
17 practice of improperly reducing Plaintiffs' benefits at recertification, the Court
18 determines that Plaintiffs do not have a reasonable expectation that they will be subject to
19 the improper reduction of Medicaid benefits in the future. *See Wilson*, 882 F.3d at 952
20 ("Speculation based only on problems with initial enrollment in Medicaid does not give
21 Plaintiffs a reasonable expectation that they will be subject to delays that will result in the
22 loss of Medicaid coverage while the redetermination process is ongoing.") Accordingly,
23 this Court determines that the capable of repetition yet evading review exception to the
24 mootness doctrine does not apply to save the mooted claims.

25 For the reasons set forth above, the Court recommends that the District Court grant
26 Defendant's motion to dismiss because Plaintiffs lack Article III standing. As set forth
27 below, the Court alternatively recommends the Complaint be dismissed for failure to
28 state a claim under Rule 12(b)(6), Fed. R. Civ. P.

**Plaintiffs Have Failed to State a Claim**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Anderson v. Dooley*, 2016 WL 3162167, *2 (N.D. Cal. June 7, 2016). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.*, (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, (quoting *Twombly*, 550 U.S. at 555). On a motion to dismiss, the court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Id.*, (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)). But, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*, (quoting *Twombly*, 550 U.S. at 555).

<u>Count I - Reasonable Promptness Under 42 U.S.C. § 1396a(a)(8)</u>

*The Plain Language of 42 U.S.C. § 1396a(a)(8)*: As mentioned above, Count I alleges a violation of the so-called reasonable promptness statute. Under the reasonable promptness statute a state plan for medical assistance (such as AHCCCS), "must … provide that all individuals wishing to make application for medical assistance under the plan shall have the opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals." *See* 42 U.S.C. § 1396a(a)(8). Corresponding regulations which implement § 1396a(a)(8) provide, in relevant part, that "[t]he agency must – (a) [f]urnish Medicaid promptly to beneficiaries without any delay caused by the agency's administrative procedures; (b) [c]ontinue to furnish Medicaid

regularly to all eligible individuals until they are found to be ineligible; and (c) [m]ake arrangements to assist applicants and beneficiaries to get emergency medical care whenever needed […]." *See* 42 C.F.R. § 435.930.

Defendant argues that the reasonable promptness statute by its plain language does not apply to Plaintiffs' claim in Count I. Defendant contends that the reasonable promptness statute applies to initial eligibility determinations and was designed to prevent waiting lists. Defendant points out that in this case Plaintiffs have previously been approved for and have been receiving AHCCCS and they allege an improper reduction in AHCCCS benefits upon recertification. Plaintiffs argue in opposition that implied within the reasonable promptness statute is the requirement that eligibility decisions – including renewal determinations - are to be made correctly. Plaintiffs posit that Defendant's failure to make correct recertification decisions violate the reasonable promptness statute.

The parties have not cited any case that is directly on point. Defendant cites to *Sobky v. Smoley,* 855 F.Supp. 1123 (N.D. Cal. 1994), a case that looked to the reasonable promptness provision in the Aid to Families with Dependent Children program (42 U.S.C. § 602(a)(10)(A)), to hold, in relevant part,

> …[T[he Medicaid Act's reasonable promptness requirement, set forth as § 1396a(a)(8), prohibits states from responding to budgetary constraints in such a way as to cause otherwise eligible recipients to be place on waiting lists for treatment.

855 F.Supp. at 1149. (Citations omitted.) *Sobky* granted summary judgment in favor of the plaintiffs where the undisputed evidence established that insufficient funding by the state and counties of methadone maintenance treatment caused providers of methadone maintenance to improperly place eligible individuals on waiting lists. *Id.*

Defendant also relies upon *Crippen v. Kheder*, 741 F.2d 102, 104 (6th Cir. 1984), a class action case where plaintiffs sued seeking relief against the defendant's policy of automatically terminating individuals from Medicaid solely based upon information that SSI benefits had been terminated and without making a prior determination of whether an

- 11 -

individual may have otherwise been entitled to Medicaid benefits. *Crippen* held

> … [T]he Department's policy of automatically terminating the benefits of Medicaid recipients solely because their SSI benefits have been terminated without determining whether they qualify as medically needy individuals violates the regulations promulgated under the Social Security Act. The regulations require instead that, upon receipt of notice that an individual has been terminated from the SSI program, the Department must promptly determine *ex parte* the individual's eligibility for Medicaid independent of his eligibility for SSI benefits. While this determination is being made, the state must continue to furnish benefits to such individuals.

*Crippen*, 741 F.2d at 106-07. Defendant argues that *Sobky* and *Crippen* support the conclusion that the reasonable promptness provision was only enacted to prevent eligible individuals from being placed on waiting lists and that regulations promulgated under the reasonable promptness provision prohibit termination (a term of art under the Medicaid statutes) from services in certain circumstances. As this case is not a waiting list case nor is it a termination case, Defendant posits there is no cause of action under the reasonable promptness provision for the alleged acts Plaintiffs complain of.

Plaintiffs rely upon *Romano v. Greenstein*, 2012 WL 1745526 (E.D. La. 2012), which determined that the Louisiana department of health and hospital's failure to "follow the seven-step process for determining whether Romano had a continuing disability," violated the reasonable promptness statute. In so holding, *Romano* looked to a regulation which implements the reasonable promptness statute and held

> '[t]he agency must … continue to furnish Medicaid regularly to all eligible individuals until they are found to be ineligible.' 42 C.F.R. § 435.930(b). This provision implies that assistance may not be terminated until an individual is *properly* found ineligible.

*Romano*, 2012 WL 1745526 at * 8. (Emphasis in original.) (Footnote omitted.) The United States Court of Appeals for the Fifth Circuit affirmed the district court's determination that § 1983 afforded the plaintiff in *Romano* a private right of action but did not address the merits of the district court's decision. *See Romano v. Greenstein*, 721 F.3d 373 (5th Cir. 2013) ("On appeal, DHH does not challenge the merits of the district

- 12 -

court's decision to grant summary judgment in favor of Romano.") Plaintiffs argue *Romano* compels the conclusion that an improper reduction in benefits upon recertification is a violation of the reasonable promptness statute.

Plaintiffs' claim in Count I is not covered by the plain language of the reasonable promptness statute and the Court is not inclined to recommend that Count I proceed as such a recommendation would amount to a recommendation that the scope of 42 U.S.C. § 1396a(a)(8) be expanded beyond its plain language. Neither party has cited a case that is on point. The Court finds *Sboky* helpful as it provides some guidance regarding what the reasonable promptness statute was enacted to prevent - waiting lists.  As mentioned above, neither Plaintiff in this case was placed on a waiting list. Rather, Plaintiffs received AHCCCS full scope benefits for a number of years and, as set forth in the Complaint, it was only recently that Plaintiffs allege they suffered an improper reduction in benefits upon recertification.

The Court finds that this case is unlike both *Crippen* and *Romano*, as the plaintiffs in those cases saw their Medicaid benefits terminated completely upon either the termination of SSI benefits (as in *Crippen*) or the determination that the plaintiff was no longer under a continuing disability (as in *Romano*). Here, Plaintiffs were never terminated from AHCCCS. Instead, at all times Plaintiffs were covered with *some* amount of AHCCCS benefits. The regulation discussed in *Romano*, 42 C.F.R. § 435.930 speaks to, in relevant part, "furnishing Medicaid" (1) promptly to beneficiaries without delay caused by an agency's administrative procedures and (2) to eligible individuals until found ineligible. *See* 42 C.F.R. § 435.930. Again, there is no agency delay at issue here and it is undisputed that some scope of Medicaid was at all times furnished to Plaintiffs.

Regardless, however, as explained below the Court also determines that Plaintiffs have failed to sufficiently alleged facts that support the theory that the reduction in AHCCCS benefits was a result of a policy or practice of the Director as opposed to being attributable to something else, such as worker errors. Stated another way, Plaintiffs have

failed to sufficiently show, as they must under *Twombly/Iqbal*, that they are entitled to relief.

*Policy or Practice of the Director:* As mentioned above, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. As Defendant points out, under *Twombly* the Complaint must be both "well pled" and the allegations must be "plausible." *Id.* at 556.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that he defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheet possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal,* 556 U.S. at 678.

Defendant admits that in mid-to-late 2015 it had a computer problem that caused a number of AHCCCS immigrant recipients to suffer an improper reduction in benefits. The Complaint alleges that errors "were" caused by computer systems. *See* Doc. 1 at ¶ 40. The wording suggests knowledge that the computer problem had been fixed and Defendant reported at oral argument as having done so. When questioned on whether Plaintiffs were in agreement that the 2015 computer problem was remedied, Plaintiffs' counsel reported that they did not intend for the Complaint to say that errors were only caused by the computer problem. Analyzing Defendant' motion to dismiss based solely upon the allegations contained in the Complaint the Court determines that Plaintiffs have not sufficiently alleged that a previously admitted 2015 computer problem is currently on going. Indeed, the Complaint (filed in 2016) alleges that errors "**were**" caused by the computer system. *Id*. (Emphasis added.)

Accordingly, the Complaint, if it should proceed, is left to allege an unlawful policy or practice by the Director based upon something else. Drawing from the

1 Complaint, that something else may be "other processing errors" alleged to be: (1) the
2 failure of AHCCCS to renew eligibility without requiring information from the individual
3 if able to do so based on other reliable information (Doc. 1 at ¶ 46); (2) the failure of the
4 Director to implement federal law on *ex parte* renewals (Doc. 1 at ¶ 48, 51); and (3)
5 AHCCCS's "routinely" asking about immigration status for "all immigrants" at
6 recertification thereby causing errors (Doc. 1 at ¶ 49).

However, the Complaint does not link Plaintiff Darjee's benefit reduction to any of the three mentioned alleged policies or practices of the Director. *See* Doc. 1 at ¶¶ 56-71. This is also the case with Plaintiff Sanchez Haro. *See Id*. at ¶¶ 72-85. In other words, neither Plaintiff Darjee nor Sanchez Haro alleges that AHCCCS asked either of them for their immigration numbers, immigration status, or that they were sent a request for further information under the *ex parte* process. The most that Plaintiffs have done is allege, primarily upon information and belief, that the Director does the three things set forth above. Neither Plaintiff has alleged that they have been injured by the Directors' alleged actions. Given the absence of an allegation of injury and the absence of any factual allegations to support Plaintiffs' contention that Defendant has a policy or practice of not following the Medicaid laws, the Court concludes that Plaintiffs have alleged, but have not "shown," as they are required to under *Towmbly/Iqbal,* that they are entitled to relief.

The Court recommends dismissal of Count I.

Count II – Due Process

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits the State from terminating a beneficiary's health services without first providing the individual adequate notice and an adequate hearing. *See Goldberg v. Kelly*, 397 U.S. 254 (1970). The Medicaid Act requires AHCCCS to provide "an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness…" 42 U.S.C. § 1396a(a)(3). Regulations provide, *inter alia*, that any time

1 AHCCCS takes an action that affects a claim for medical assistance, it must provide a
2 written notice that includes a statement of what action AHCCCS intends to take, the
3 reasons for that action, the specific legal authority for that action, the right to a hearing to
4 challenge that action and an explanation of the right to continued benefits if a hearing is
5 requested. *See* 42 C.F.R. § 431.210.

6 Defendant argues that the Complaint fails to state a due process violation because
7 there are no factual allegations that the notice AHCCCS sent in this case was defective as
8 a matter of due process and the Complaint fails to specify any rule that Defendant
9 violated. *See* Doc. 35 at p. 10, ll. 13-14. Defendant also argues that if the Complaint
10 states a due process claim the only Plaintiff who has such a claim is Sanchez Haro. *Id*. at
11 p. 9, ll. 24-26. Plaintiffs argue to the contrary asserting that they have pled sufficient facts
12 to state a claim. *See* Doc. 38 at pp. 8-11.

13 The Court agrees with Defendant that if the Complaint is going to state a due
14 process notice claim the only way it could do so is through Plaintiff Sanchez Haro. While
15 the Complaint does allege that "the Darjees" received "notices," the Complaint is devoid
16 of any facts that speak to when the notice(s) were received or the content of these
17 notice(s) with the exception that the notice(s) did not contain any information in Nepali.
18 *See* Doc. 1 at ¶ 71. Plaintiffs appear to concede that only Sanchez Haro may have a due
19 process/notice claim. *See* Doc. 38 at p. 9, ll. 11-24 (discussing the practical effects of the
20 eligibility notice with respect to Sanchez Haro yet mentioning that the Darjees did not
21 receive a notice).

22 The Complaint fails to allege that any notice sent to Sanchez Haro did not contain
23 the information required by 42 C.F.R. §§ 431.210 or 431.230. *See* Doc. 1 at ¶¶ 52-53, 55,
24 56-71, and 72-85. While the Complaint mentions the federal regulation regarding notice
25 contents (*Id*. at ¶ 36), the Complaint does not go on to allege that the notice sent in this
26 case to Sanchez Haro actually failed to contain the required information. *Id*. at ¶¶ 75-76.

27 Moreover, Plaintiffs' allegations that there is "no meaningful explanation of the
28 change [in benefits]" (*Id*. at ¶ 55), and that certain language of the notice is "confusing"

1  (*Id*. at ¶ 53) are, at bottom, legal conclusions. For example, the Complaint states that
2  "[i]nformation about 'Options to Continue Benefits is confusing.[,]" but fails to set forth
3  what the actual language in the "Options to Continue Benefits Section" is. *Id.* at ¶ 53.
4  Without adequate supporting factual allegations, the Court is not bound to accept legal
5  conclusions as true.

6  The law requires an explanation for a change in benefits and directs that a
7  participant is entitled to know the change so she can determine whether to challenge the
8  proposed action. *K.W. ex rel. D.W. v. Armstrong*, 298 F.R.D. 479, 490 (D. Idaho 2014)
9  (citing *Goldberg, supra*). The Complaint alleges that Sanchez Haro contacted AHCCCS
10 after receipt of the notice so it is the case that she was given enough information in the
11 notice to take that action. While the Complaint alleges that she did not understand the
12 notice, which the Court will accept as true, her allegation of not understanding the notice
13 – without any factual details underpinning what was contained in the notice that she did
14 not understand - is insufficient to plead a violation of due process.

15 Cases cited by Plaintiffs in their response to Defendant's motion to dismiss do not
16 convince the Court otherwise. The cases mentioned by Plaintiffs address the merits of a
17 party's due process notice claim after the pleading stage. *See, e.g*., *K.W. ex rel. D.W.*, 298
18 F.R.D. at 483 (ruling, *inter alia*, on defendant's second motion to approve its form of
19 notice); *Rodriguez by and through Corella v. Chen*, 985 F.Supp. 1189, 1190 (D. Ariz.
20 1996) (ruling on motion for summary judgment). At this stage, the Court is concerned
21 with the sufficiency of the allegations set forth in the Complaint.

22 It may be the case that the notice that AHCCCS sends out when a benefits
23 reduction upon recertification is contemplated does not comply with due process. It is
24 clear from Plaintiffs' response to the motion to dismiss and Plaintiffs' counsel's oral
25 argument that Plaintiffs' firmly believe such. The Court must leave that for another day,
26 however, because at this juncture the Court is limited to the four corners of the Complaint
27 and it is on this basis that the Court concludes that Plaintiffs have failed to sufficiently
28 plead their claim under Count II.

The Court recommends dismissal of Count II.

**Recommendation**

The Court determines that Plaintiffs lack Article III standing. Additionally, Plaintiffs' Count I claim is not authorized by the plain language of the reasonable promptness statute and, even if it were, the Court determines that it is not sufficiently pled. With respect to Count II, the Court determines that Plaintiffs' have failed to sufficiently plead a due process/notice claim.

Accordingly, it is **recommended** that, after an independent review of the record, the District Court **grant** Defendant's Motion to Dismiss (Doc. 35), dismiss the Complaint with prejudice, and **deny as moot** Plaintiffs' Motion for Class Certification (Doc. 5), Plaintiffs' Motion for Preliminary Injunction (Doc. 15), and the related motions to strike (Docs. 59, 62, and 65).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number:  **16-CV-00489-RM**.

Dated this 25th day of October, 2016.

D. Thomas Ferraro
United States Magistrate Judge